# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

_____

JOAN E. LOEWE,

    Plaintiff,

v.                                                Case No. 19-12187

WELTMAN, WEINBERG & REIS CO., L.P.A.

    Defendants.

_____/

## OPINION AND ORDER DENYING DEFENDANT'S "MOTION TO DISMISS PURSUANT TO [FEDERAL RULE OF CIVIL PROCEDURE] 12(B)(6), OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT PURSUANT TO [FEDERAL RULE OF CIVIL PROCEDURE] 56"

Plaintiff Joan E. Loewe sues Defendant Weltman, Weinberg & Reis Co. for attaching an incorrect loan document to a complaint when Defendant sued Plaintiff to collect on a student loan. Plaintiff alleges violations of the Federal Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §§ 1692f and 1692e and the Michigan Regulation of Collection Practices Act ("MRCPA") under Mich. Comp. Laws § 445.252(a), (e), and (n). Defendant moves to dismiss Plaintiff's claims for lack of jurisdiction and failure to state a claim. (ECF No. 10.) Defendant seeks summary judgment in the alternative. (*Id.*) Plaintiff has responded and Defendant has replied. (ECF Nos. 12, 13.) The court finds a hearing unnecessary and will deny Defendant's motion for the reasons provided below. E.D. Mich. L.R. 7.1(f)(2).

## I. BACKGROUND

On July 18, 2018, Defendant filed a lawsuit against Plaintiff to collect on a debt in a state district court. (ECF No. 1, PageID.3, ¶ 14; ECF No. 1-2.) Defendant alleged that

its client, Navient Credit Finance Corporation ("Navient"), was owed $5,305.59. (ECF No. 1-2, PageID.12.) The complaint alleged that the funds were distributed to Plaintiff on January 28, 2008 and that the account number was ****0101. (*Id.*, PageID.11.) Defendant attached to the complaint the loan application, promissory note, and truth in lending disclosure statement for the debt. (*Id.*, PageID.14-28.) The loan application indicated that Plaintiff requested $2,000. (*Id.*, PageID.16.) The application provided that the "Pre-approval code" for the loan was 1575177. (*Id.*) The truth in lending disclosure stated that the "Amount Financed" was $2,000 and listed the "Loan Number" as 1575177, the same as that noted in the loan application. (*Id.*, PageID.27.)

On July 25, 2018, Defendant filed another lawsuit against Plaintiff in the same state court. This time, Defendant sued for $13,274.62. (ECF No. 1-3, PageID.39.) The second lawsuit was based on a loan different from that noted in the earlier suit. The funds were allegedly distributed on February 11, 2008, in contrast to the January 28, 2008 distribution in the earlier suit (*Id.*, PageID.38), and the account number ended in ****0102, in contrast to ****0101 as noted in the earlier suit. (*Id.*) Defendant attached an alleged copy of the loan application, promissory note, and truth in lending statement. (*Id.*, PageID.41-55.) The truth in lending disclosure provided an "Amount Financed" of $5,000 and listed the "Loan Number" as 1598758. (*Id.*, PageID.54.) However, the loan application Defendant attached was the application for the first loan, the subject of the complaint in the first lawsuit. The "Loan Amount Requested" was $2,000 and the "Pre-approval code" was 1575177. (*Id.*, PageID.43.) The promissory note for both lawsuits was also the same. (*Id.*, PageID.47-53.)

In November 2018, the second lawsuit was dismissed. (ECF No. 1, PageID.5, ¶ 36; ECF No. 10, PageID.91.) On April 22, 2019, Defendant obtained a judgment against Plaintiff on the first lawsuit. (ECF No. 1, PageID.3, ¶ 22; ECF No. 10, PageID.90.)

## II.  STANDARDS

### A.  Standing

Article III Section 2 of the U.S. Constitution limits judicial power to cases and controversies. *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016). "Standing to sue is a doctrine rooted in the traditional understanding of a case and controversy." *Id.* "The Supreme Court has enumerated the following elements necessary to establish standing:

> First, Plaintiff must have suffered an injury in fact–an invasion of a legally-protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of–the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."

*Parsons v. U.S. Dept. of Justice*, 801 F.3d 701, 710 (6th Cir. 2015) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). When reviewing a motion to dismiss on the basis of standing, the court "must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." *Kardules v. City of Columbus*, 95 F.3d 1335, 1347 (quoting *Warth v. Seldin*, 422 U.S. 490, 501 (1975)). The plaintiff bears the burden of establishing standing and must "clearly allege facts demonstrating each element." *Parsons*, 801 F.3d at 710 (quoting *Warth*, 422 U.S. at 518).

### B. Failure to State a Claim

Under Federal Rule of Civil Procedure 12(b)(6) a party can move to dismiss a complaint for "failure to state a claim upon which relief can be granted." In considering a motion to dismiss, the court must "construe the complaint in the light most favorable to the plaintiff and accept all factual allegations as true." *Laborers' Local 265 Pension Fund v. iShares Trust*, 769 F.3d 399, 403 (6th Cir. 2014). "To survive a motion to dismiss, a complaint must contain factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Determining plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

### C. Summary Judgment

To prevail on a motion for summary judgment, a movant must show "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). First, the moving party bears the initial burden of presenting evidence that "demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no requirement that the moving party "support its motion with [evidence] negating the opponent's claim." *Id.* (emphasis removed); *see also Emp'rs Ins. of Wausau v. Petrol. Specialties, Inc.*, 69 F.3d 98, 102 (6th Cir. 1995).

Second, "the nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (emphasis removed) (quoting Fed. R. Civ. P. 56(e)). This requires more than a "mere existence of a scintilla of evidence" or "'[t]he mere possibility' of a factual dispute." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582 (6th Cir. 1992) (quoting *Gregg v. Allen-Bradley Co.*, 801 F.2d 859, 863 (6th Cir. 1986)). For a court to deny summary judgment, "the evidence [must be] such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. All reasonable inferences from the underlying facts must be drawn "in the light most favorable to the party opposing the motion." *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *Moran v. Al Basit LLC*, 788 F.3d 201, 204 (6th Cir. 2015).

### III. DISCUSSION

Defendant seeks dismissal of Plaintiff's complaint for lack of standing and failure to state a claim. Defendant also requests summary judgment. The court will address each argument in turn.

### A. Standing

Standing has three elements: injury in fact, traceability, and redressability. *Parsons*, 801 F.3d at 710. Defendant does not contest traceability and redressability. For injury in fact, "a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo*, 136 S.Ct. at 1548 (citations removed). "For an injury to be particularized, it must affect the plaintiff in a personal and individual way." *Id.*

5

(citations removed). To be concrete, an injury "must be *de facto*; that is, it must actually exist." *Id.* The injury must be "real[] and not abstract." *Id.* "Article III standing requires a concrete injury even in the context of a statutory violation. For that reason, [a plaintiff] could not . . . [satisfactorily] allege a bare procedural violation, divorced from any concrete harm." *Id.* at 1549; *see also Macy v. GC Servs. Ltd. P'ship.*, 897 F.3d 747, 753-56 (6th Cir. 2018).

Plaintiff's complaint alleges that Defendant's actions violated the FDCPA by attaching the wrong promissory note to Defendant's second complaint. (ECF No. 1, PageID.5-6, ¶¶ 38-45.) Plaintiff asserts that this constituted an attempt to collect on the note twice given that Defendant had already initiated litigation on the same note in Defendant's first complaint. (*Id.*, ¶ 41.) The amount Defendant sought in the second lawsuit, $13,274.62, was not authorized by the note Defendant attached to its complaint according to Plaintiff. (*Id.*, ¶ 42.) Plaintiff adds that Defendant in fact "had no legal right to collect [in the second lawsuit] because [Defendant did not] posses[] a note authorizing collection." (*Id.*, ¶ 43.)

Plaintiff alleges that this violated 15 U.S.C. § 1692f's prohibition on "a debt collector . . . us[ing] unfair or unconscionable means to collect or attempt to collect any debt." (*Id.*) Specifically, Defendant allegedly violated the statute by collecting on an amount not "expressly authorized by the agreement creating the debt." 15 U.S.C. § 1692f(1). (*Id.*, ¶¶ 41-42.) By claiming that the note supported collection in the second lawsuit, Defendant allegedly "use[d] . . . false, deceptive, or misleading representations or means in connection with the collection of [a] debt," violating 15 U.S.C. § 1692e. (*Id.*, ¶ 44.) Plaintiff's state law claims largely trace the federal claims and the parties' briefs

6

do not differentiate between them. Mich. Comp. Laws 445.252(a), (e), (n) (*Id.*, PageID.6, ¶¶ 46-51.) Defendant's actions allegedly caused Plaintiff to incur legal costs and caused Plaintiff anxiety. (*Id.*, ¶¶ 45, 51.)

The unified essence of these various claims is Defendant attaching the wrong debt paperwork to the second lawsuit in an attempt to collect an amount that Defendant could not prove was legally owed, likely because Defendant did not have the right promissory note at the time the first lawsuit was initiated. Also implied by Plaintiff but never explicitly alleged is that Defendant may have simply fabricated the second debt out of thin air, and implication Defendant strongly contests.

Defendant says that the second loan actually existed, that Plaintiff knew about it, and that Defendant merely attached the wrong loan application, despite having the correct contract in its possession at the time of the second complaint. According to Defendant, the promissory note, which contains all the contractual terms of the debt, was correctly attached to the second complaint. This would necessarily mean that the first loan and the alleged second loan had the same contractual terms.

If Plaintiff's allegations prove true, Plaintiff would have suffered a concrete and particularized injury. *Spokeo*, 136 S.Ct. at 1548. The cost of defending a lawsuit can be substantial. Such costs are "actual" and "real" injuries that are particularized to the individual who has to pay them. *Id.* Filing a lawsuit with fraudulent allegations is not merely a procedural violation "divorced from any concrete harm." *Id.* If Defendant did not have the correct promissory note and attached a different, valid note claiming it to be the applicable contract, Plaintiff may have been forced to litigate the claim and expend money she otherwise would not have.

7

Defendant asserts that Plaintiff would have had to litigate the claim in any event given that the second debt was legitimate. However, this is an argument Defendant advances in its brief, based on an interpretation of substantive evidence, and not one presented in Plaintiff's complaint. Construing the complaint in Plaintiff's favor, as the court must, Plaintiff presents a valid case that Defendant would not have pursued litigation if it was acting honestly and non-deceptively. *Kardules*, 95 F.3d at 1347. Without the contract to prove a debt, it is reasonable to infer that Defendant would not have a supportable claim to bring against Plaintiff and thus should not have done so.

Further, anxiety from having to defend a lawsuit is real and substantive. This is especially true when the underlying claim, based in the FDCPA, applies liability where the action "mislead[s] the reasonable unsophisticated consumer." *Buchanan v. Northland Group, Inc.*, 776 F.3d 393, 398 (6th Cir. 2015); *see also Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 331 (6th Cir. 2006) (citation omitted) ("[C]ourts apply an objective test based on the understanding of the least sophisticated consumer"). The act "protects all consumers, the gullible as well as the shrewd." *Barany-Snyder v. Wiener*, 539 F.3d 327, 333 (6th Cir. 2008). Such a consumer may be deceived into thinking that Defendant had a stronger claim than it did when Defendant attached a contract purportedly proving liability. Without written proof of the loan, Plaintiff may have been subject to less anxiety, knowing the claim to be weaker. Plaintiff may have suffered no anxiety at all if Defendant did not bring the lawsuit.[1]

---

[1] The Sixth Circuit recently found that a FDCPA plaintiff's "failure to allege anything other than anxiety makes [the court] skeptical about whether he has established an injury in fact." *Buchholz v. Meyer Njus Tanick*, -- F.3d --, 2020 WL 35431, at *5 (6th Cir. Jan. 3, 2020). However, the court stopped short of affirmatively ruling that anxiety was an insufficient injury. *Id.* at *5 n.3. Regardless, Plaintiff has alleged legal costs and has

8

Ultimately, Defendant may be proven correct. The second lawsuit may have mistakenly included only the wrong loan application and not the contract terms of the promissory note. With the correct date of distribution, account number, and total amount owed for the second loan included in the second complaint's allegations and the correct amount financed and loan number included in the attached truth in lending statement, it may be that a reasonable unsophisticated consumer would have understood that Defendant had a strong claim for a valid debt, regardless of Defendant including the incorrect loan application. *Buchanan*, 776 F.3d at 398. If so, Defendant would likely have brought the claim anyway. However, with Plaintiff's complaint alleging that Defendant did not attach the correct loan contract as a whole, that Defendant did not have the contract at the time it initiated the lawsuit, and that Defendant attempted to collect using a contract already being enforced, there is sufficient injury in fact, based on legal costs and anxiety, to establish standing. *Parsons*, 801 F.3d at 710.

### B. Failure to State a Claim

Defendant next argues that, even if Plaintiff potentially suffered a cognizable injury, the allegations do not add up to a valid legal claim. This argument also fails.

As mentioned above, Plaintiff is suing under 15 U.S.C. §§ 1692f and 1692e. The language and application of these provisions is "extraordinarily broad." *Barany-Snyder*, 539 F.3d at 333. Courts use a lenient standard that is favorable toward alleged or potential debtors. Courts ask only if a creditor's act would deceive "the least sophisticated consumer," or put another way, the "reasonable unsophisticated

---

not relied solely on anxiety as an injury-in-fact to underpin standing. (ECF No. 1, PageID.6, ¶¶ 45, 51.)

consumer." *Id.*; *Buchanan*, 776 F.3d at 398. "The FDCPA is a strict-liability statute: A plaintiff does not need to prove knowledge or intent." *Stratton v. Portfolio Recovery Ass.*, 770 F.3d 443, 448-49 (6th Cir. 2014). Thus, Defendant asks the court to find that it is not even *plausible* that a reasonable unsophisticated consumer would be deceived by Defendant's actions, ignoring Defendant's intent and assuming all of Plaintiff's allegations to be correct. *Ashcroft*, 556 U.S. at 678.

A reasonable unsophisticated consumer, even "presuming a basic level of understanding and willingness to read with care," might "be confused, and reasonably might feel pressured to immediately pay the debt, even if she disputed its validity" if Plaintiff's allegations are proven true. *Barany-Snyder*, 539 F.3d at 333; *Currier v. First Resolution Inv. Corp.*, 762 F.3d 529, 538 (6th Cir. 2014). Attaching a contract purporting to prove the existence of a debt may "mislead" a consumer into thinking that Defendant's case was stronger than it really was. 15 U.S.C. § 1692e. Plaintiff could have been pressured to settle or suffer increased anxiety over the case's outcome. Bringing the second suit at all may be misleading, given that Defendant had already initiated a lawsuit to collect on the same note allegedly attached to the second lawsuit. 15 U.S.C. § 1692e. Plaintiff would have had to expend funds to satisfy the cost of defending a frivolous claim. If Defendant attempted to obtain judgments on both of its lawsuits with only one valid contract, despite alleging in the first lawsuit that the contract allowed Defendant to collect only $5,305.59 and not the $13,274.62 sought in the second lawsuit, Defendant may have collected on an amount not "expressly authorized by the agreement creating the debt." 15 U.S.C. § 1692f(1). Attempting to enforce a debt

that cannot be proven with an actual contract could plausibly be found to be "unfair and unconscionable." 15 U.S.C. § 1692f.

Plaintiff attached Defendant's complaints to her complaint in this lawsuit. (ECF Nos. 1-2, 1-3.) The court can consider them as part of the pleadings for purposes of a motion to dismiss. Fed. R. Civ. P. 10(c); *Greenberg v. Life Ins. Co.*, 177 F.3d 507, 514 (6th Cir. 1999). Defendant's complaints did provide different identifying information regarding the alleged second loan in the second complaint. The second complaint had a different date of distribution, account number, and total amount owed. The truth in lending statement had a different amount financed and loan number. Evidence beyond the pleadings may demonstrate that Defendant did indeed have a valid contract that was enforceable for the $13,274.62 sought in the second lawsuit. This may mean that any debt Defendant collected or attempted to collect was "expressly authorized by [an] agreement." 15 U.S.C. § 1692f(1). Proving that the promissory note attached to the first complaint was the correct contract would mean that Defendant attached only the wrong loan application to the second complaint. Merely attaching the wrong loan application may not be "misleading" or "unfair or unconscionable" to the reasonable unsophisticated consumer. 15 U.S.C. §§ 1692e, 1692f; *Buchanan*, 776 F.3d at 398. It may be that Defendants would have brought the second lawsuit in any case and would have had as strong of a case, thus eliminating any damages Plaintiff could recover.

However, all these considerations are beyond the pleadings, but remain disputes that may arise once substantive evidence can be considered. Fed. R. Civ. P 12(d) ("If, on a motion under rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment

11

under Rule 56 [and] . . . [a]ll parties must be given a reasonable opportunity to present all material that is pertinent to the motion."). Defendant attaches what it claims to be the correct loan application to its motion to dismiss. Defendant argues that the application is the only correct paper mistakenly excluded from Defendant's second complaint. However, the court can consider a document that is without explicit reference in Plaintiff's complaint only if the "document is referred to in the complaint and is central to [Plaintiff's] claim." *Greenberg*, 117 F.3d at 514. Plaintiff never referred to a loan application not attached to either of Defendant's complaints. Thus, the document is "outside the pleadings" and cannot be considered in a motion to dismiss. *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1105 (6th Cir. 2010). Also, the court is required to accept all of Plaintiff's allegations as true; Plaintiff alleges that the entire promissory note, not just the loan application, was incorrectly attached to Defendant's second complaint. *Laborers' Local 265 Pension Fund*, 769 F.3d at 403. (ECF No. 1, PageID.4, ¶¶ 29-30.) The court finds it plausible that Defendant violated the FDCPA and the related provisions of the MRCPA. *Ashcroft*, 556 U.S. at 678.

### C. Summary Judgment

Defendant may have a stronger argument for summary judgment. Evidence may show that all the identifying information on the debt included in the second complaint, except for the loan amount requested and pre-approval code of the loan application, was complete and accurate. If Defendant can demonstrate that the second debt existed, that the debt was valid, that Plaintiff would have known about taking out a second loan, and that Defendant attached the correct promissory note, Defendant would likely have a strong case for summary judgment. After discovery, it may turn out that a reasonable

12

jury would not be able to find that even an unsophisticated consumer would be "mislead." 15 U.S.C. § 1692e; *see also Miller v. Javitch, Block & Rathbone*, 561 F.3d 588, 596 (6th Cir. 2009) (citations removed) ("A statement cannot mislead unless it is material, so a false but non-material statement is not actionable."). Defendant's actions also may not be "unfair or unconscionable." 15 U.S.C. § 1692f. If Defendant had an enforceable contract at the time of the second lawsuit, it is hard to see how Defendant would be liable for collection of an amount not "expressly authorized by [an] agreement." 15 U.S.C. § 1692f(1).

Even if Defendants committed a technical violation, Defendant may be able to defeat FDCPA liability through the FDCPA's bona fide error provision. 15 U.S.C. § 1692k(c) provides that "[a] debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." The Sixth Circuit has interpreted this provision to include three requirements. *Hartman v. Great Seneca Fin. Corp.*, 569 F.3d 606, 614 (6th Cir. 2009). "[A] debt collector must prove by a preponderance of the evidence that: (1) the violation was unintentional; (2) the violation was a result of a bona fide error; and (3) the debt collector maintained procedures reasonably adapted to avoid any such error." *Id.* Evidence may show that Defendant unintentionally attached the wrong loan application or promissory note to the second complaint. *Id.* Such an act may have been no more than a good-faith mistake, made despite the maintenance of procedures designed to avoid it. *Id.* Defendant attaches an affidavit of a compliance attorney and Defendant's standard operating

procedure to the motion to dismiss. (ECF Nos. 10-3, 10-4.) Defendant argues that this proves there is no genuine dispute of fact that it had proper procedures in place. *Hartman*, 569 F.3d at 614.

Nonetheless, *"*some discovery must be afforded the non-movant before summary judgment is granted." *White's Landing Fisheries, Inc. v. Buchholzer*, 29 F.3d 229, 231 (6th Cir. 1994) (reversing a district court's grant of summary judgment when no discovery had taken place). In fact, "summary judgment should not ordinarily be granted before discovery has been completed" in total. *Tarleton v. Meharry Medical College*, 717 F.2d 1523, 1535 (6th Cir. 1983). This is not an absolute rule as generally "the plaintiff must file a Rule 56(f) affidavit or a motion that indicates to the district court 'what material facts it hopes to uncover' by the additional discovery requested." *Short v. Oaks. Corr. Facility*, 129 Fed App'x 278, 281 (6th Cir. 2005) (affirming a district court's grant of summary judgment without any discovery when the plaintiff failed to file an Rule 56(f) affidavit or a motion); *see also CenTra, Inc. v. Estrin*, 538 F.3d 402, 421 (6th Cir. 2008) ("Typically, when the parties have no opportunity for discovery, denying the Rule 56(f) motion and ruling on a summary judgment motion is likely to be an abuse of discretion."). Plaintiff did not submit an affidavit describing the need for discovery nor did she file a motion requesting discovery. Instead, Plaintiff merely included an argument for the need of discovery in its response to Defendant's motion, and then only for the issue of bona fide error. (ECF No. 12, PageID.150.)

The court finds summary judgment at this stage of the proceedings to be not properly available. On the record as it currently exists, there remains a genuine dispute of fact as to whether the second complaint included the wrong loan agreement as a

whole or simply the loan application. Fed. R. Civ. P. 56(a). Defendant attached only the loan application to its motion to dismiss and did not include a promissory note. (ECF No. 10-2.) Although Defendant argues that the promissory note was already correctly attached and that the promissory note of the first lawsuit just happened to be the exact same, which is plausible in a student loan context, a reasonable juror could decide otherwise, at least at this stage. *Anderson*, 477 U.S. at 248. There remains a genuine dispute over whether Defendant has a valid loan at all. Fed. R. Civ. P. 56(a).

Defendant's second complaint certainly includes detailed information, but if Defendant did not have the loan contract at the time of the lawsuit, a reasonable juror could find that attaching the wrong contract was misleading, unfair or unconscionable, or an attempt to collect on an amount not expressly authorized in a loan instrument. 15 U.S.C. §§ 1692e, 1692f, 1692f(1). This is especially true given that there remains a genuine issue of fact over whether Defendant acted intentionally or unintentionally, and this goes directly to the sustainability of Defendant's bona fide defense. Fed. R. Civ. P. 56(a); *Hartman*, 569 F.3d at 614.

Summary judgment remains premature. Defendant has what appear to be strong arguments that Defendant's actions were not misleading, unfair or unconscionable, or an attempt to collect on a loan not expressly authorized. 15 U.S.C. §§ 1692e, 1692f, 1692f(1). However, more evidence should be developed to illuminate more clearly whether a reasonable juror could find in favor of Plaintiff.

The court will deny Defendant's summary judgment motion without prejudice. Defendant is at liberty to refile once discovery has concluded.

## IV. CONCLUSION

Plaintiff's complaint properly alleges injuries in fact. *Spokeo*, 136 S.Ct. at 1548. Plaintiff has standing to bring her claims. *Id.* On the pleadings, Plaintiff has stated a claim. *Ashcroft*, 556 U.S. at 678. Attaching the wrong contract to a loan enforcement action could plausibly violate the FDCPA and the MRCPA. *Id.* Lastly, genuine issues of fact remain. Fed. R. Civ. P. 56(a). Although Defendant presents persuasive arguments, it remains possible that a reasonable juror could find in favor of Plaintiff, based upon the facts known at this very early stage of the proceedings. *Anderson*, 477 U.S. at 248; *White's Landing Fisheries*, 29 F.3d at 231. Accordingly,

IT IS ORDERED that Defendant Weltman, Weinberg & Reis Co.'s "Motion to Dismiss Pursuant to [Federal Rule of Civil Procedure] 12(B)(6), or, in the Alternative, for Summary Judgment Pursuant to [Federal Rule of Civil Procedure] 56" (ECF No. 10.) is DENIED. Defendant's motion to dismiss is DENIED and Defendant's motion for summary judgment is DENIED WITHOUT PREJUDICE.

                                         s/Robert H. Cleland         /
                                         ROBERT H. CLELAND
                                         UNITED STATES DISTRICT JUDGE

Dated: January 24, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 24, 2020, by electronic and/or ordinary mail.

                                         s/Lisa Wagner              /
                                         Case Manager and Deputy Clerk
                                         (810) 292-6522